UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JOHN DOE, individually and on )
behalf of all others similarly situated, )
)
      Plaintiff, ) Case No. 21-cv-1096
)
v. )
)
BRADLEY UNIVERSITY, )
)
      Defendant. )

## NOTICE OF REMOVAL

Defendant Bradley University ("Bradley"), by its attorneys and pursuant to 28 U.S.C. §§1332(d)(2), 1441, and 1446, hereby removes this action from the Circuit Court of Peoria County, State of Illinois to the United States District Court for the Central District of Illinois. In support of removal, Bradley states as follows:

**I.    PLAINTIFF'S CLAIM AND RELIEF SOUGHT**

1. On February 12, 2021, Plaintiff, John Doe ("Plaintiff")[1] commenced this action against Bradley in the Circuit Court of Peoria County, Illinois, by filing a lawsuit captioned *John Doe v. Bradley University,* Case No. 21-L-00033 (the "State Court Action").

2. Plaintiff's Class Action Complaint ("Complaint") in the State Court Action alleges that Bradley violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, by utilizing an online remote proctoring tool called Respondus Monitor. Specifically, Plaintiff alleges that "[t]hrough the Respondus Monitor tool, Bradley unlawfully collects, uses, and discloses students' biometric identifiers and biometric information without the

---

[1] Plaintiff did not seek court authorization, as 735 ILCS 5/2-401 requires, to sue in state court under a fictious name. Now that the suit has been removed to federal court, Bradley intends to challenge Plaintiff's effort to proceed as a "John Doe," which is not proper in this case under applicable Seventh Circuit authority.

students' written and informed consent" and has failed to provide a "legally-compliant written public policy" as required by BIPA. (*See* Complaint, attached hereto as Exhibit A, at ¶ 2)

3. Plaintiff alleges that he is a current student at Bradley who has used the Respondus Monitor tool. (Complaint, at ¶¶ 80, 82) Plaintiff asserts four separate BIPA claims against Bradley, each on his own behalf and on behalf of the following putative class: "All persons who took an assessment using Respondus Monitor, as a student of Bradley University in Illinois, at any time during the five years prior to the filing of this Complaint through January 20, 2021." (*Id.* at ¶ 89) Plaintiff alleges that there are thousands of members of this putative class. (*Id.* at ¶ 92)

4. In each of the four counts in the Complaint, Plaintiff alleges that Bradley's violations of BIPA were "reckless." (Complaint, at ¶¶ 106, 114, 121, 127) BIPA, at 740 ILCS 14/20(2), provides that a prevailing party may recover liquidated damages of $5,000 or actual damages, whichever is greater, for each violation committed by a private entity "intentionally or recklessly."

## II. BRADLEY'S REMOVAL IS TIMELY

5. Plaintiff's Complaint was served upon Bradley on February 17, 2021. Thus, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days after service of the Complaint.

## III. BASIS FOR REMOVAL

6. Pursuant to 28 U.S.C. §1332(d)(2), removal is proper under the Class Action Fairness Act ("CAFA"), because United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant; and (iii) in

which the matter in controversy exceeds the sum or value of $5 million, inclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2). Here, all three of the CAFA prerequisites are satisfied.

7. First, this class action involves a proposed class of more than 100 members. In the five years preceding the filing of Plaintiff's Complaint, over 2,000 Bradley students took an assessment using the Respondus Monitor tool.

8. Second, Bradley, an Illinois not for profit institution, is a citizen of Illinois. While Plaintiff alleges that he is a resident of Cook County, Illinois, there are many Bradley students who are citizens of states other than Illinois and citizens of foreign states who fall within the Complaint's class definition. Accordingly, the requirements of §1332(d)(2)(A) and (B) are met.

9. Third, the matter in controversy in this case exceeds $5 million, exclusive of interest and costs. Plaintiff seeks $5,000 statutory penalties for each putative class member. As noted above, there are more than 2,000 putative class members, hence the amount in controversy well exceeds $5 million.[2]

**IV.   VENUE AND NOTICE**

10. The United States District Court for the Central District of Illinois is the appropriate venue for removal of the State Court Action pursuant to 28 U.S.C. §1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Peoria County, Illinois, within this Judicial District.

---

[2] Of course, Bradley reserves all rights and defenses, as to liability, damages and class certification. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties," and a "removing defendant need not confess liability in order to show that the controversy exceeds the threshold." (internal quotation marks omitted) (emphasis in original).

11.     Pursuant to 28 U.S.C. §1446(a), the Summons and Complaint, which constitute all "process, pleadings, and orders" served to date on Bradley, is attached hereto as Exhibit A.

12.     Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal is being promptly sent to Plaintiff's counsel (by email and U.S. Mail), and promptly filed with the Clerk of the Court for the Circuit Court of Peoria County, Illinois.

13.     Bradley submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding liability, fault, damages or that Plaintiff has pleaded a claim upon which relief can be granted, and expressly preserving all positions on liability, damages, statute of limitations, and other legal issues, including that class certification is not appropriate.

WHEREFORE, Defendant, Bradley University hereby removes Case Number 21-L-00033 now pending in the Circuit Court of Peoria County, Illinois to the United States District Court for the Central District of Illinois.

Dated:  March 18, 2021                             BRADLEY UNIVERSITY,
                                                   Defendant

                                                   By: /s/ Scott J. Helfand
                                                       One of Its Attorneys

Michael D. Hayes
Scott J. Helfand
Anne M. Mayette
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
Phone: (312) 655-1500
michael.hayes@huschblackwell.com
scott.helfand@huschblackwell.com
anne.mayette@huschblackwell.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2021, I caused the foregoing, **Notice of Removal**, to be sent via electronic mail and mailed by first-class U.S. Mail, postage prepaid, to the following attorneys representing the Plaintiff in the State Court Action:

Brian K. Murphy
murphy@mmmb.com
Joseph F. Murray
murray@mmmb.com
Jonathan P. Misny
misny@mmmb.com
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215

Mary C. Turke
mary@turkestrauss.com
Samuel J. Strauss
sam@turkestrauss.com
Turke & Strauss, LLP
613 Williamson Street, Suite 201
Madison, WI 53703

Anthony I. Paronich
anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

/s/ Scott J. Helfand