E-FILED
Wednesday, 07 April, 2021  03:55:11 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| THOMAS DUERR and GABRIEL FOLEY, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>BRADLEY UNIVERSITY<br><br>  Defendant. | Case No. 1:21-cv-01096-SLD-JEH<br><br>Chief Judge Sara Darrow<br>Magistrate Judge Jonathan E. Hawley<br><br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## <u>AMENDED CLASS ACTION COMPLAINT</u>

Plaintiffs Thomas Duerr ("Plaintiff Duerr") and Gabriel Foley ("Plaintiff Foley") (collectively, "Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Bradley University and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Bradley" or "Defendant") and allege as follows:

### INTRODUCTION

1.      Defendant Bradley University is a private university located in Peoria, Illinois. Bradley offers undergraduate and graduate programs both in person on its campus and through distance and online learning programs.

2.      In offering online courses to its students, Bradley requires that many student exams be conducted using an online remote proctoring tool called Respondus Monitor.  Through the Respondus Monitor tool, Bradley unlawfully collects, uses, and discloses students' biometric identifiers and biometric information without the students' written and informed consent. Bradley also lacks a legally-compliant written public policy establishing a retention schedule and guidelines for destroying biometric identifiers and biometric information and fails to comply with such policy.

3.      Bradley's chosen and exclusive remote proctoring tool, Respondus Monitor, captures, uses, and stores vast amounts of data, including facial-recognition data, facial detection data, recorded patterns of keystrokes, eye monitoring data, gaze monitoring data, and camera and microphone recordings to effectively surveil students taking online exams.  Bradley owns, has access to, and possesses this data.

4.      Through Respondus Monitor, Bradley collects, captures, and stores everything from a student's facial features to their voice through a web portal accessed through the student's personal device.  Using the Respondus Monitor tool, Bradley is able to collect and aggregate information on all aspects of a student's life.  Indeed, as one director of academic testing told the *Washington Post*, software programs like Respondus, Inc.'s are akin to "spyware."  *Mass School Closures in the Wake of the Coronavirus are Driving a New Wave of Student Surveillance*, WASHINGTON POST (Apr. 1, 2020), https://www.washingtonpost.com/technology/2020/04/01/online-proctoring-college-exams-coronavirus/.  Likewise, an economics professor at Harvard University recently told *Forbes* that this type of technology involves an inappropriate "level of intrusion."  Sean Lawson, *Are Schools Forcing Students to Install Spyware That Invades Their Privacy As A Result Of The Coronavirus Lockdown?*, FORBES (Apr. 24, 2020 6:34 PM), https://www.forbes.com/sites/seanlawson/2020/04/24/are-schools-forcing-students-to-install-spyware-that-invades-their-privacy-as-a-result-of-the-coronavirus-lockdown/#c2d2e18638d8.  Relatedly, Duke University has decided not to allow virtual proctoring at this time, in part because of security concerns.  *Id.*

5.      All the while, students are left in the dark about the vast amount of information their university collects through the Respondus Monitor tool.  Bradley does not disclose or

obtain written consent before collecting, capturing, storing, or disseminating users' biometric data. Bradley also fails to disclose what it does with that biometric data after collection and does not comply with BIPA's retention and destruction requirements for private entities that possess biometric identifiers and biometric information.

6.       It is, therefore, no surprise that there is an outcry among students and faculty about the use of online proctoring software and services. Petitions have sprung up across college campuses nationwide demanding a ban on online proctoring. At major universities, such as the University of Texas at Dallas, California State University Fullerton, the University of Miami, Florida State University, Auburn University, the University of Wisconsin–Madison, and the City University of New York, petitions have gained tens of thousands of student and faculty signatures. At the University of California Santa Barbara, the Faculty Association published a letter demanding that university administration officials rescind its contracts with online-proctoring companies amid concerns these tools could turn the university into "a surveillance tool." *Id*.

7.       Plaintiffs bring this action to enforce their legal rights under Illinois' Biometric Information Privacy Act, 470 ILCS 14/ ("BIPA"), and those of the proposed class of persons they represent.

8.       BIPA is designed to protect individuals against the threat of irreparable privacy harms, identity theft, and other economic injuries arising from private entities' increasing use of biometric identifiers and biometric information.

9.       In enacting BIPA in 2008, the Illinois Legislature recognized that biometrics are unlike other unique identifiers because they are biologically unique to the individual and cannot be changed. Once compromised, the individual has no recourse. *See* 740 ILCS 14/5(c).

10.    BIPA protects public welfare, security, and safety by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and biometric information.  *See* 740 ILCS 14/5(g).

11.    BIPA defines a biometric identifier as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry."  740 ILCS 14/10.

12.    BIPA defines biometric information as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual."  *Id*.

13.    Plaintiffs allege Bradley violated BIPA by, among other things, collecting, capturing, using, storing, and sharing Plaintiffs' and class members' biometric identifiers or biometric information obtained through the use of Respondus Monitor without informed written consent.

14.    Bradley violated BIPA's requirement that it maintain, disclose, and follow a retention policy that requires Bradley to permanently destroy students' biometric data obtained through the use of Respondus Monitor once the purpose for collecting such data has been satisfied.

15.    Bradley's failure to follow BIPA's express disclosure and consent requirements and failure to comply with the destruction requirements for biometric identifiers and biometric information was an invasion of Plaintiffs' personal rights and the rights of the class members they represent.

16.    Bradley illegally profits from possessing the biometric identifiers or biometric information of Plaintiffs and members of the class they represent.

17.     A class action is the best means of obtaining redress for Bradley's wide-scale BIPA violations and is consistent with the fairness and efficiency goals of class actions.

## JURISDICTION AND VENUE

18.     This Court has subject-matter jurisdiction over this putative class action lawsuit pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6), because the aggregate sum of the claims of the members of the putative class exceeds $5 million, exclusive of interest and costs, because Plaintiffs bring this action on behalf of a proposed class that is comprised of over one hundred (100) members, and because at least one of the members of the proposed class is a citizen of a different state than Defendant.

19.     The Court has personal jurisdiction over Bradley because it conducts business in this District and Plaintiffs' claims arise out of and relate to Bradley's conduct in this District.

20.     Venue is proper in this District because the transaction or some part thereof out of which the cause of action arose occurred in this District.

## PARTIES

21.     Plaintiff Thomas Duerr is a natural person who resides in Sangamon County, Illinois.

22.     Plaintiff Gabriel Foley is a natural person who resides in Tazewell County, Illinois.

23.     Defendant Bradley University is an Illinois not-for-profit corporation with its principal place of business at 1501 W. Bradley Avenue, Peoria, Illinois 61625.

## FACTUAL BACKGROUND

**A.    <u>Online and Remote Proctoring</u>**

24.     During the COVID-19 pandemic, schools, colleges, universities, and other educational institutions ("Institutions") have been forced to cease in-person instruction and move

to remote learning.  However, even prior to the pandemic, many Institutions like Bradley have offered online coursework that requires students to take quizzes and exams online.

25.     To facilitate remote test taking, Institutions contract with private companies that offer online exam monitoring and proctoring services.

26.     One such company is Respondus Inc., which offers several cloud-based software and service applications to assist Institutions in providing online content and exams to students.

27.     Institutions, like Bradley, that use Respondus, Inc.'s applications incorporate these tools into the Institution's learning management system ("LMS").  Well-known LMSs include Canvas, Blackboard Learn, Brightspace, and Moodle.

28.     On its website, Respondus, Inc. promotes the smooth integration of its applications with these LMS platforms: "When we do everything right, users are unaware they're using a Respondus application because it looks and feels like a native tool of the LMS." RESPONDUS, https://web.respondus.com/partners/lms/ (last visited Mar. 25, 2021).

29.     Respondus, Inc.'s servers, which house all data related to Respondus Monitor, are controlled and operated by a third-party hosting provider—specifically, Amazon Web Services. *See* RESPONDUS, http://web.respondus.com/data-processing/ (last visited Mar. 25, 2021).

30.     Bradley purchases a license from Respondus, Inc. to integrate Respondus Monitor into Bradley's LMS.  *See* BRADLEY UNIVERSITY, https://bit.ly/2YQYyF6 (last visited Feb. 11, 2021).

**B.     The Respondus Monitor Tool**

31.     This lawsuit arises from Bradley's use of the Respondus Monitor tool, a fully automated exam proctoring solution that enables students to take exams online in a *non-proctored* environment.

32.     Dozens of colleges and universities in Illinois use the Respondus Monitor tool.

33.     Respondus, Inc.'s website explains that "[a]t the heart of [the] Respondus Monitor [tool] is a powerful artificial intelligence engine, Monitor AI™, that performs a second-by-second analysis of the exam session."  Monitor AI uses "facial detection, motion, and lighting to analyze the student and examination environment."  RESPONDUS, https://web.respondus.com/he/monitor/ (follow "Learn More" link in "Monitor AI is the most advanced artificial intelligence system for automated proctoring" box) (last visited Dec. 6, 2020).

34.     Respondus, Inc.'s website and marketing materials acknowledge that the Respondus Monitor tool uses facial recognition technology to determine, among other things, whether the person who started the exam switches to a different person along the way.  *Id.*

35.     Respondus, Inc.'s website explains this "data then flows into the 'Review Priority' system to help instructors quickly evaluate the proctoring results."  *Id.*

36.     Review Priority is a "patent-pending method for ranking proctoring results according to the risk that violations have occurred.  …  If wanted, instructors can view the data contributing to the Review Priority result on a video timeline, such as flagged events and key milestones."  RESPONDUS, https://web.respondus.com/he/monitor/ (follow "Learn More" link in "Review Priority ranks results by risk, helping instructors know which sessions warrant deeper scrutiny" box) (last visited Dec. 6, 2020).

37.     However, prior to January 21, 2021, the terms of use that students must accept before using Respondus Monitor for Bradley exams say nothing about facial recognition, biometric identifiers, or biometric information and do not disclose to student users that their

7

biometric identifiers or biometric information will be captured, collected, analyzed, or disseminated to the student's Institution or shared with Amazon Web Services.[1]

**C.**   **Test Taking with Respondus Monitor**

38.     To take an exam using Respondus Monitor, a student must have a webcam.

39.     The student first logs into their Institution's LMS platform and opens a browser.

40.     Next, the student is required to accept the Respondus Monitor Terms of Use for Students (the "Monitor Student Terms") by clicking, "I accept."  Accepting the Monitor Student Terms is a condition of proceeding with the exam through Respondus Monitor.

**D.**   **The Monitor Student Terms**

41.     The Monitor Student Terms include two components—terms applicable to (i) the student's relationship with Respondus, Inc. and (ii) the student's relationship with the Institution. A true and correct copy of the Monitor Student Terms in effect prior to January 21, 2021 is attached hereto as **Exhibit A** and was previously publicly available on Respondus, Inc.'s website.

42.     The Monitor Student Terms inform the students that "your Institution is requiring students to use Respondus Monitor for certain, or all, courses.  In order to use Respondus Monitor, you must agree to these Terms in full, including this section, under REQUIREMENTS OF YOUR INSTITUTION, regarding your relationship with your Institution."  (*Id.*)

43.     Next, in relevant part, the Monitor Student Terms disclose that Respondus Monitor will record student activity, both audibly and visually, during exams.  (*See id.*)

---

[1] On January 21, 2021, Respondus, Inc. updated the Respondus Monitor Terms of Use for Students.  All references to the Respondus Monitor Terms of Use for Students (the "Monitor Student Terms") refer to the Monitor Student Terms in effect prior to January 21, 2021.

44.     However, prior to January 21, 2021, the Monitor Student Terms did *not* disclose that Respondus Monitor would use facial recognition technology to collect, capture, analyze, and disseminate a student's biometric identifiers or biometric information.

45.     Instead, the Monitor Student Terms cryptically stated that "other data" related to student activity during an assessment may be recorded by Respondus Monitor.  The Terms stated, "[t]he recordings are controlled by your Institution" and will be processed by Respondus, Inc. on behalf of the Institution.  (*See id*.)

46.     These recordings, which the Institution controls, include students' biometric identifiers and biometric information, but, prior to January 21, 2021, that fact was not disclosed in the Monitor Student Terms.

47.     The Monitor Student Terms state that Respondus, Inc. "may analyze the recordings through automated processes to generate additional data derived from the recordings, with the additional data being associated with individual students for use by your Institution in evaluating the recordings."  (*Id.*)

48.     This "additional data" that Respondus, Inc. generates includes students' biometric identifiers and biometric information, but, prior to January 21, 2021, that fact was not disclosed in the Monitor Student Terms.

49.     The Monitor Student Terms say this additional data and the original exam recordings "may be evaluated by agents of your Institution, including your instructors, to review, assess, and analyze student performance and conduct … for the purpose of improving educational processes for students, including investigating student conduct violations."  (*Id.*)

50.    This "additional data" that may be evaluated by an Institution includes students' biometric identifiers and biometric information, but, prior to January 21,2021, that fact was not disclosed in the Monitor Student Terms.

51.    Furthermore, the Monitor Student Terms do not disclose that Respondus shares biometric identifiers and biometric information with Amazon Web Services.

52.    The Monitor Student Terms additionally state Respondus, Inc. works with the Institution to ensure the student's privacy regarding the recording and to comply with applicable law as to any information or data.  (*See id*.)

53.    This "data" that is subject to privacy laws includes students' biometric identifiers and biometric information, but, prior to January 21, 2021, that fact was not disclosed in the Monitor Student Terms.

54.    The Monitor Student Terms state Respondus Monitor will save all recordings of students for one (1) year, but that Institutions have the ability to retain data for up to an additional four (4) years.  (*See id*.)

55.    The "data" an Institution can retain for up to four (4) years includes students' biometric identifiers and biometric information, but, prior to January 21, 2021, that fact was not disclosed in the Monitor Student Terms.

56.    Prior to January 21, 2021, the Monitor Student Terms did not establish a retention schedule or guidelines for permanently destroying students' biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information had been satisfied or within three (3) years of the student's last interaction with Respondus, Inc. or the Institution, whichever occurred first.

57.     To the contrary, the Monitor Student Terms state Respondus, Inc. does not guarantee removal of "all traces of any information or data (including recordings) from the Respondus Monitor Services after deletion."  (*See id*.)

58.     This trace "information and data" includes students' biometric identifiers and biometric information, but, prior to January 21, 2021, that fact was not disclosed in the Monitor Student Terms.

59.     Brazenly, in the Monitor Student Terms, the Institution unlawfully purports to disclaim any liability to the student for the "legality" or "availability of information or data in the Respondus Monitor Service or Software."  The Monitor Student Terms also purport to disclaim any liability of the Institution to the student for harm resulting from "downloading or accessing any information or data through Respondus Monitor."  (*See id*.)

**E.     Privacy Policies in the Monitor Student Terms**

60.     The Monitor Student Terms include two privacy policies—a Privacy and Security Policy (the "Monitor Privacy Policy"[2]), described in the Monitor Student Terms, and the "full Respondus Privacy Policy," incorporated by reference and publicly available on Respondus, Inc.'s website.  *See* RESPONDUS, https://web.respondus.com/privacy-policy/ (last visited Feb. 11, 2021) (the "Respondus Privacy Policy").

**F.     The Monitor Privacy Policy**

61.     The Monitor Privacy Policy states that "Instructors, administrators and other agents of Institution" may access the *recordings and data* related to their students through Respondus Monitor.  (Ex. A.)

---

[2] On January 21, 2021, Respondus, Inc. updated the Monitor Privacy Policy.  All references to the Monitor Privacy Policy refer to the Monitor Privacy Policy in effect prior to January 21, 2021.

62. The "recordings and data" that may be accessed by agents of the Institution include students' biometric identifiers and biometric information, but, prior to January 21, 2021, that fact was not disclosed in the Monitor Privacy Policy.

63. The Monitor Privacy Policy states that samples of de-identified student video recordings may be shared with researchers, including biometric experts.  (*See id*.)

64. However, prior to January 21, 2021, the Monitor Privacy Policy did not disclose that, prior to sending student video recordings to experts for research purposes, Respondus, Inc. already captured the students' biometric information or biometric identifiers from these recordings.

65. The Monitor Privacy Policy does not disclose that Respondus, Inc. shares biometric identifiers and biometric information with Amazon Web Services.

66. Prior to January 21, 2021, the Monitor Privacy Policy did not establish a retention schedule or guidelines for permanently destroying students' biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information had been satisfied or within three (3) years of the students' last interaction with Respondus, Inc. or the Institution, whichever occurred first.

## G.   The Respondus Privacy Policy

67. The Respondus Privacy Policy is incorporated by reference into the Monitor Student Terms.  A true and correct copy of the Respondus Privacy Policy obtained from Respondus, Inc.'s website is attached hereto as **Exhibit B**.  RESPONDUS, https://web.respondus.com/privacy-policy/ (last visited Feb. 11, 2021).

68. The Respondus Privacy Policy does not disclose that Respondus, Inc. collects student biometric identifiers and biometric information through Respondus Monitor.  (*See* Ex. B.)

69.     The Respondus Privacy Policy does not disclose that Respondus, Inc. shares biometric identifiers and biometric information with Amazon Web Services.

70.     The Respondus Privacy Policy does not establish a retention schedule and guidelines for permanently destroying students' biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three (3) years of the student's last interaction with Respondus, Inc. or the Institution, whichever occurs first.  (*See id*.)

**H.     Other Relevant Monitor Student Terms**

71.     The Monitor Student Terms state that if the student does not agree to the Monitor Student Terms, "[the student] will not be permitted to use this Service."  (Ex. A.)

72.     The Monitor Student Terms also provide that "[a]ll legal issues arising from or related to the use of Respondus Monitor between you and your Institution shall be construed in accordance with the laws of the state in which your Institution resides …."  (*Id*.)

73.     The Monitor Student Terms state that students using Respondus Monitor, and thus agreeing to these Terms, "consent to personal jurisdiction and venue in the state and federal courts located in and serving the county in which your Institution resides."  (*Id*.)

**I.     The Capture of Student Biometric Identifiers and Information**

74.     After a student clicks to accept the Monitor Student Terms in their browser, Respondus Monitor conducts a webcam check to confirm the webcam's audio and video are working properly.  In this step, Respondus Monitor requires that a student's face be centered in the camera and that the student speak into the microphone.

75.     Next, Respondus Monitor's portal instructs the student to look into the webcam so it can capture an image of the student so the student's identity can be confirmed.

76.     The Respondus Monitor portal may require the student to show photo identification so the software can take a picture of the photo identification before proceeding.

77.     Next, the Respondus Monitor portal instructs the student to use the webcam to record a 360-degree "environment check" of the student's test-taking surroundings.  This recording is captured by the Respondus Monitor system.

78.     Lastly, Respondus Monitor conducts a "facial detection check" of the student taking the exam and requires the student to look directly into the webcam.

79.     During these pre-exam steps, unbeknownst to the student, Respondus Monitor captures the student's facial geometry and other biometric identifiers.

## J.     The Monitor Institution Terms

80.     On information and belief, Bradley's use of Respondus Monitor is subject to Terms of Use applicable to Institutions (the "Monitor Institution Terms").  A copy of these terms is attached hereto as **Exhibit C** and is publicly available on Respondus' website.  RESPONDUS, https://web.respondus.com/tou-monitor-admin/ (last visited Feb. 11, 2021).

81.     In the Monitor Institution Terms, Respondus, Inc. discloses to Bradley that "Respondus Monitor analyzes the recordings of student activity as part of an automated proprietary process."  (Ex. C.)

82.     Under the Monitor Institution Terms, Bradley is made aware that video recordings Bradley students make and send through Respondus Monitor are accessible to Bradley, its instructors, administrators, and other agents of Bradley.  (*Id.*)

83.     In the Monitor Institution Terms, Bradley agrees its students' recordings made while using Respondus Monitor may be used by Respondus, Inc. and may "be shared with researchers (research institutions and/or biometric experts) under contract with Respondus to assist in such research …."  (*Id.*)

14

84. The Monitor Institution Terms make clear that if Bradley authorizes Respondus, Inc. to share student recordings or personally identifying information of any student with a third-party, Respondus, Inc. will do so under the Institution's direction and control. (*Id.*)

85. The Monitor Institution Terms inform Bradley that Respondus Monitor saves all recordings of students for a period of one (1) year but that Bradley has the ability to retain the data for up to an additional four (4) years. (*Id.*)

86. The Monitor Institution Terms inform Bradley that Respondus, Inc. "does not guarantee removal of all traces of any information or data (including recordings) from the Respondus Monitor Services after deletion." (*Id.*)

**K.   Plaintiff Duerr's Experience with Respondus Monitor**

87. Plaintiff Duerr is currently a student at Bradley.

88. Plaintiff Duerr pays tuition and other fees to Bradley to take courses and receive credits toward a college degree.

89. In the fall of 2020, Plaintiff Duerr was enrolled in a course at Bradley that required the use of Respondus Monitor for exams.

90. Plaintiff Duerr used Respondus Monitor to take exams for this course.

91. Plaintiff Duerr has used Respondus Monitor at least two (2) times in the past twelve (12) months.

92. Plaintiff Duerr has not used Respondus Monitor on or after January 21, 2021.

93. Plaintiff Duerr recalls that, in using Respondus Monitor for test taking, he was required to take video footage of his surroundings and his face prior to starting the exam.

94. When agreeing to use Respondus Monitor for the exam, Plaintiff Duerr did not know Respondus Monitor would collect and analyze his biometric identifiers or biometric information prior to and during the exams.

95.     When agreeing to use Respondus Monitor for his exams, Plaintiff Duerr did not give informed written consent for his biometric identifiers or biometric information to be collected, stored, used, or disseminated.

96.     When agreeing to use Respondus Monitor, Plaintiff Duerr was unaware of any collection and retention policy that Bradley has regarding his biometric identifiers and biometric information that Bradley controls through Respondus Monitor.

97.     The context in which Plaintiff Duerr was asked to accept the Monitor Student Terms—as a requirement to successfully complete a college course examination—did not give him a meaningful choice.

**L.     Plaintiff Foley's Experience with Respondus Monitor**

98.     Plaintiff Foley is currently a student at Bradley.

99.     Plaintiff Foley pays tuition and other fees to Bradley to take courses and receive credits toward a college degree.

100.     During the fall of 2020, Plaintiff Foley was enrolled in a course at Bradley that required the use of Respondus Monitor for exams.

101.     Plaintiff Foley used Respondus Monitor to take exams for this course.

102.     Plaintiff Foley has used Respondus Monitor at least three (3) times in the past twelve (12) months.

103.     Plaintiff Foley has not used Respondus Monitor on or after January 21, 2021.

104.     Plaintiff Foley recalls that, in using Respondus Monitor for test taking, he was required to take video footage of his surroundings and his face prior to starting the exam.

105.     When agreeing to use Respondus Monitor for the exam, Plaintiff Foley did not know Respondus Monitor would collect and analyze his biometric identifiers or biometric information prior to and during the exams.

16

106.    When agreeing to use Respondus Monitor for his exams, Plaintiff Foley did not give informed written consent for his biometric identifiers or biometric information to be collected, stored, used, or disseminated.

107.    When agreeing to use Respondus Monitor, Plaintiff Foley was unaware of any collection and retention policy that Bradley has regarding his biometric identifiers and biometric information that Bradley controls through Respondus Monitor.

108.    The context in which Plaintiff Foley was asked to accept the Monitor Student Terms—as a requirement to successfully complete a college course examination—did not give him a meaningful choice.

## CLASS ALLEGATIONS

109.    Plaintiffs bring this action on behalf of a class of all other persons or entities similarly situated (the "Class").

110.    The Class of persons Plaintiffs propose to represent are tentatively defined as:

> All persons who took an assessment using Respondus Monitor, as a student of Bradley University in Illinois, at any time during the five years prior to the filing of this Complaint through January 20, 2021.

111.    Excluded from the Class are counsel, Bradley, any entities in which Bradley has a controlling interest, Bradley's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

112.    The Class defined above is identifiable through Bradley's business records.

113.    The potential members of the Class number, at least, in the thousands.

114.    Individual joinder of these persons is impracticable.

115.    Plaintiffs are members of the Class.

116.    There are questions of law and fact common to Plaintiffs and to the proposed Class, including but not limited to the following:

a.    Whether Bradley developed a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information collected through Respondus Monitor, when the initial purpose for collecting such identifiers or information has been satisfied or within three (3) years of the individual's last interaction with Bradley, whichever occurs first, and whether Bradley complied with such written policy;

b.    Whether Bradley collects, captures, or otherwise obtains Plaintiffs' and Class members' biometric identifiers or biometric information without:

(i)    informing them in writing that a biometric identifier or biometric information is being collected and stored;

(ii)    informing them in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; or

(iii)    obtaining their written release;

c.    Whether Bradley discloses or disseminates Plaintiffs' and Class members' biometric identifiers or biometric information without Plaintiffs' and Class members' consent;

d.    Whether Bradley's conduct was negligent;

e.    Whether Bradley's conduct was knowing or reckless; and

f.    Whether Plaintiffs and Class members are entitled to damages for violation of their privacy rights.

117.    Plaintiffs' claims are typical of the claims of Class members.

118.    Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class, they will fairly and adequately protect the interests of the Class, and they are represented by counsel skilled and experienced in class actions.

119.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Bradley.

120.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

121.    Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for Class membership described above.

**FIRST CLAIM FOR RELIEF**
**Violation of 740 ILCS 14/15(a)**

122.    Plaintiffs repeat the prior allegations of this Amended Complaint and incorporate them by reference herein.

123.    Bradley is a "private entity" for purposes of BIPA.

124.    Bradley is in possession of biometric identifiers or biometric information from students who use Respondus Monitor.

125.    Bradley does not have a written policy made available to the public establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three (3) years of the individual's last interaction with the private entity, whichever occurs first, in violation of 740 ILCS 14/15(a).

126.     Bradley does not comply with any established retention schedule or destruction guideline.

127.     Bradley's failure to maintain and comply with such a written policy is negligent and reckless because BIPA has governed the collection and use of biometric identifiers and biometric information since 2008, and Bradley is presumed to know these legal requirements. Bradley's conduct is all the more egregious given the current and public discourse in higher education about how online proctoring systems violate students' privacy rights.

128.     Bradley's unlawful conduct caused injury to Plaintiffs and the proposed Class.

129.     Plaintiffs and the Class seek damages, attorney's fees, and costs.

## SECOND CLAIM FOR RELIEF
### Violation of 740 ILCS 14/15(b)

130.     Plaintiffs repeat the prior allegations of this Amended Complaint and incorporate them by reference herein.

131.     Bradley collects, captures, and obtains biometric identifiers or biometric information from students who use Respondus Monitor in violation of 740 ILCS 14/15.

132.     Bradley collects, captures, and obtains such identifiers or information without informing the students in writing that biometric identifiers or biometric information are being collected or stored in violation of 740 ILCS 14/15(b)(1).

133.     Bradley collects, captures, and obtains such biometric identifiers or biometric information without informing the students in writing of the specified purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used in violation of 740 ILCS 14/15(b)(2).

134.    Bradley collects, captures, and obtains such biometric identifiers or biometric information without receiving a written release executed by the students in violation of 740 ILCS 14/15(b)(3).

135.    Bradley's unlawful conduct is negligent and reckless because BIPA has governed the collection and use of biometric identifiers and biometric information since 2008, and Bradley is presumed to know these legal requirements.  Bradley's conduct is all the more egregious given the current and public discourse in higher education about how online proctoring systems violate students' privacy rights.

136.    Bradley's unlawful conduct caused injury to Plaintiffs and the proposed Class.

137.    Plaintiffs and the Class seek damages, attorney's fees, and costs.

**THIRD CLAIM FOR RELIEF**
**Violation of 740 ILCS 14/15(c)**

138.    Plaintiffs repeat the prior allegations of this Amended Complaint and incorporate them by reference herein.

139.    Bradley is in possession of biometric identifiers or biometric information it collects when students use Respondus Monitor.

140.    In fact, Bradley, per the Monitor Institution Terms, has ownership, control, and retention rights over the biometric identifiers or biometric information collected through students' use of Respondus Monitor.

141.    Bradley charges students tuition and other fees for academic courses Bradley offers.  To complete required course examinations, students are required to use the Respondus Monitor tool.

142.    Bradley profits from requiring students to use Respondus Monitor.  Respondus Monitor allows Bradley to offer online coursework and thereby receive tuition dollars from

students, and Bradley saves money by using Respondus Monitor because it does not have to pay live proctors to watch students take the exam, either in person or remotely.

143.    Bradley's unlawful conduct is negligent and reckless because BIPA has governed the collection and use of biometric identifiers and biometric information since 2008, and Bradley is presumed to know these legal requirements.  Bradley's conduct is all the more egregious given the current and public discourse in higher education about how online proctoring systems violate students' privacy rights.

144.    Bradley's unlawful conduct caused injury to Plaintiffs and the proposed Class.

145.    Plaintiffs and the Class seek damages, attorney's fees, and costs.

## FOURTH CLAIM FOR RELIEF
### Violation of 740 ILCS 14/15(d)

146.    Plaintiffs repeat the prior allegations of this Amended Complaint and incorporate them by reference herein.

147.    Bradley is in possession of biometric identifiers or biometric information it collects when students use Respondus Monitor.

148.    Bradley discloses or disseminates students' biometric identifiers or biometric information to its instructors and other agents without the students' consent to the disclosure in violation of 740 ILCS 14/15(d).

149.    Bradley, through Respondus, Inc., further discloses or disseminates students' biometric identifiers or biometric information to Amazon Web Services without the students' consent to the disclosure in violation of 740 ILCS 14/15(d).

150.    Bradley's unlawful conduct is negligent and reckless because BIPA has governed the collection and use of biometric identifiers and biometric information since 2008, and Bradley is presumed to know these legal requirements.  Bradley's conduct is all the more egregious given

the current and public discourse in higher education about how online proctoring systems violate students' privacy rights.

151.    Bradley's unlawful conduct caused injury to Plaintiffs and the proposed Class.

152.    Plaintiffs and the Class seek damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A.    Certification of the proposed Class;

B.    Appointment of Plaintiffs as representatives of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    An award to Plaintiffs and the Class of damages, as allowed by law; and

E.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY TRIAL DEMANDED

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial by jury on all issues in this Amended Complaint that are triable as a matter of right.

Dated: April 7, 2021                                Respectfully submitted,

                                                    /s/ Brian K. Murphy
                                                    Brian K. Murphy (6225697)
                                                    Joseph F. Murray
                                                    Jonathan P. Misny
                                                    Murray Murphy Moul + Basil LLP
                                                    1114 Dublin Road
                                                    Columbus, OH 43215
                                                    Telephone: (614) 488-0400
                                                    Facsimile:  (614) 488-0401
                                                    Email: murphy@mmmb.com
                                                    Email: murray@mmmb.com
                                                    Email: misny@mmmb.com

Mary C. Turke
Samuel J. Strauss
Turke & Strauss, LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423
Email: mary@turkestrauss.com
Email: sam@turkestrauss.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, hereby certify that on April 7, 2021, I caused the foregoing to be filed via the Court's

CM/ECF filing system, which will effect service on all counsel of record.

**/s/ Brian K. Murphy**
Brian K. Murphy