# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS DUERR and GABRIEL FOLEY, Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 1:21-cv-01096-SLD-JEH |
| v. | ) ) ) |
| BRADLEY UNIVERSITY, | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
## TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

BIPA is clear that it shall not be "deemed to apply in ***any manner*** to a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder." 740 ILCS 14/25(c) (emphasis added). Bradley's opening memorandum (ECF Doc. 9) cited express FTC and Department of Education findings that universities like Bradley with financial aid programs are "financial institutions" under the GLBA and are subject to Title V of that Act. Plaintiffs' opposition brief (ECF Doc. 12) does not challenge that the GLBA in fact does apply to universities with financial aid programs. Instead, Plaintiffs advance a tortured construction of 740 ILCS 14/25(c) -- that a BIPA "financial institution" is different from a GLBA "financial institution" notwithstanding that BIPA uses the "financial institution" term in the same sentence and in direct reference to the GLBA. Plaintiffs' strained effort to limit BIPA's GLBA exemption to "companies such as national banks or local credit unions" -- as opposed to all financial institutions regulated under the GLBA -- was recently

HB: 4822-3794-2255.1

rejected, however, in an identical BIPA case brought (by Plaintiffs' counsel here) against a different Illinois university, a ruling Plaintiffs fail to mention in their opposition.

Plaintiffs' other arguments, including that Bradley has not established it is subject to the GLBA, all lack merit, as discussed briefly below. Bradley's motion to dismiss should be granted and Plaintiffs' Amended Complaint dismissed, with prejudice.

I.  **Plaintiffs Misinterpret BIPA's Exemption For Financial Institutions Subject To The GLBA.**

Plaintiffs begin their opposition by arguing that the term "financial institution" as used in 740 ILCS 14/25(c) should be read in isolation from the remainder of the provision and assigned a narrow meaning encompassing only companies such as "national banks and local credit unions." *See* ECF Doc. 12 at pp. 3-4. Such an interpretation ignores the cannons of statutory interpretation as well as a recent case decision interpreting the *exact* same issue.

"The primary rule of statutory construction is to ascertain and give effect to the legislature's true intent and meaning." *Brucker v. Mercola*, 227 Ill. 2d 502, 513 (2007). "The language of the statute is the best indication of legislative intent" and "[a]ll provisions of a statutory enactment are viewed as a whole." *Id.* at 513-14. A court should not construe any statutory language in isolation. *Id.* at 514. Instead, "[e]ach word, clause and sentence of the statute, if possible, must be given reasonable meaning and not rendered superfluous." *Id.* Here, Plaintiffs' reading of Section 14/25(c) simply does not adhere to these rules of construction.

Indeed, Plaintiffs' interpretation examines the term "financial institution" in a vacuum. BIPA is clear that it does not apply "in any manner" to "a financial institution *that is subject to Title V of the [GLBA] and the rules promulgated thereunder.*" 740 ILCS 14/25(c) (emphasis added). While both the GLBA and its resulting rules go to great lengths to define "financial institution," Plaintiffs maintain that because the term is undefined in BIPA the Court should assign

2

the term its "popularly understood meaning." ECF Doc. 12 at p. 3. Plaintiffs' attempt to examine the term "financial institution" in isolation fails to examine the entirety to the statutory provision or consider the Legislature's intent. A plain reading of Section 14/25(c) shows that the exemption does not apply to financial institutions in a general sense, but instead states that BIPA does not apply to a "financial institution *that is subject to [the GLBA]*". When read in its proper context, the full text of Section 14/25(c) is very plain: BIPA does not apply to any financial institution subject to Title V of the GLBA and its implementing rules. *See e.g., Bryant v. Compass Grp. USA, Inc.*, No. 19 C 6622, 2020 WL 7013963, at *3 (N.D. Ill. Nov. 29, 2020) (finding that Section 14/25(c) excludes "institutions covered by the [GLBA]."); *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 20-CV-00046-MAB, 2020 WL 4815960 (S.D. Ill. Aug. 19, 2020) (holding that the plain meaning of Section 14/25(c) does not refer to any financial institution, but only ones subject to the GLBA). If it was the Legislature's intent to only exempt banks and credit unions from BIPA's requirements, the statute would have stated just that, and there would be no need to reference the GLBA at all.

Similar to the *Bryant* and *Stauffer* cases discussed above, an Illinois state court recently considered and rejected the exact arguments Plaintiffs advance here in their opposition. In *Jane Doe v. Elmhurst University*, a plaintiff brought claims under BIPA that are identical to those Plaintiffs have asserted in this matter against Bradley. Following briefing and oral argument as to the meaning of "financial institution" as used in Section 14/25(c), the state court on May 25, 2021 rejected the same argument that Plaintiffs make here and held that "[t]he term 'financial institution' in Section 14/25(c) of [BIPA] means an entity that is subject to Title V of the [GLBA] and the

3

rules promulgated thereunder[.]" *Doe v. Elmhurst University*, Case No. 2020L001400. A copy of this Order is attached hereto as Exhibit A.[1]

Instead of applying relevant, existing authority on this issue or interpreting Section 14/25(c) as it is plainly written, Plaintiffs instead opt to cite a collection of cases, mostly from non-Illinois courts, interpreting the term "financial institution" in completely different contexts. *See* ECF Doc. 12 at pp. 4-5. Indeed, ***none*** of the cases offered by Plaintiffs have any connection to the GLBA, much less BIPA. The authority presented by Plaintiffs is simply irrelevant and should not be considered in any capacity. Rather, and as stated in Bradley's memorandum in support of its motion, the appropriate authority to construe the language found in Section 14/25(c) is the very statute it identifies: the GLBA.

Plaintiffs go on to incorrectly assert that Bradley's interpretation of BIPA would result in absurd results or render BIPA superfluous. ECF Doc. 12 at p. 5. According to Plaintiffs, Bradley's reading of Section 14/25(c) would result in "grocery stores, gas stations, and schools" being exempt. *Id.* This is simply incorrect. Under the FTC's regulations enforcing the GLBA, the term "financial institution" encompasses only entities "significantly engaged" in activities such as lending, exchanging, transferring, investing for others, or safeguarding money and securities. 16 C.F.R. § 313.3(k)(1). Further, and as discussed in Bradley's opening memorandum, the FTC and the U.S. Department of Education have explicitly found that colleges and universities are significantly engaged in making or administering loans to students and are thus financial institutions under the GLBA. *See* ECF Doc. 9 at pp. 4-5. Plaintiffs have not made any argument

---

[1] While the Order in the *Elmhurst* case was formally entered on June 9, 2021, the Court expressly ruled on the record during the May 25, 2021 oral argument rejecting Plaintiff's interpretation of Section 14/25(c). See May 25, 2021 Hrg. Tr. 30: 15-24 (attached hereto as Exhibit B). Despite Plaintiffs knowing of a directly on-point ruling on the exact issue currently being litigated in this matter, Plaintiffs' opposition, which was filed June 2, 2021, makes no mention of the *Elmhurst* case decision and instead misleadingly refers to Bradley's position as a "novel argument." *See* ECF Doc. 12 at p. 1.

or provided any authority suggesting that grocery stores, gas stations, or school cafeterias are significantly engaged in lending funds or other similar activities, much less that a regulatory agency like the FTC has made explicit findings to such an effect.

II. **No Court Has "Implicitly" Rejected Bradley's Interpretation, As Plaintiffs Falsely Argue.**

Plaintiffs argue that because federal courts have retained subject matter jurisdiction over BIPA claims against defendants such as Facebook, Google, Apple, Enterprise Rental, and Southwest Airlines, these courts have rejected Bradley's reading of Section 14/25(c). *See* ECF Doc. 12 at p. 8. According to Plaintiffs, these cases amount to findings that "only private entities commonly understood to be financial institutions are exempt." *Id*. Simply put, Plaintiffs grossly exaggerate these cases, which considered completely different BIPA issues and defenses. Plaintiffs do not claim that the defendants in any of their proffered cases asserted defenses based on the GLBA exemption, much less that the courts considered and rejected such arguments or applied the unnatural and narrow definition of "financial institution." In fact, BIPA's GLBA exemption was not raised by the parties or addressed by the courts in any of these cases. Finally, it is unclear whether the defendant-entities from the cases cited by Plaintiffs are even regulated by the GLBA given that Plaintiffs' assertion that "publicly available information" supports this conclusion fails to cite any authority or information whatsoever. *Id.* at 9.

In arguing that federal courts have "implicitly" rejected Bradley's argument, Plaintiffs neglect to acknowledge that, as discussed above, their own position has been *expressly* rejected. *See Doe v. Elmhurst*, Case No. 2020L001400. Moreover, Plaintiffs conveniently disregard federal authority finding that financial institutions subject to the GLBA are exempt from BIPA. *See Bryant*, 2020 WL 7013963, at *3; *Stauffer*, 2020 WL 4815960.

5

### III. Plaintiffs' FERPA Argument Is Baseless.

Plaintiffs incorrectly assert that Bradley and other universities comply with FERPA, but not the GLBA. *See* ECF Doc. 12 at p. 10. As Bradley established in its memorandum in support of its motion, colleges and universities ***are not*** exempted from the GLBA as result of their mandated compliance with FERPA. *See* ECF Doc. 9 at p. 7. Rather, the FTC's regulations promulgated to enforce the GLBA, which BIPA incorporates, allow institutions of higher education an alternative means of complying with the GLBA by fulfilling their obligations under FERPA. *See id.* at 6-7 (citing 16 C.F.R. § 313.1(b)). Stated another way, Bradley is exempt from BIPA because it is a financial institution subject to the GLBA and its resulting rules. Bradley's compliance with FERPA is an avenue for Bradley to comply with the GLBA by adhering to another rigorous federal privacy statute.

Plaintiffs also claim that arguments that the Illinois Legislature may have attempted to avoid federal preemption issues by excluding financial institutions subject to the GLBA are unfounded. *See* ECF Doc. at p. 10. In support of their position, Plaintiffs claim that the GLBA does not preempt state laws unless those state laws are inconsistent with the GLBA. *Id.* (citations omitted). However, the authority Plaintiffs provide does not consider the interplay of BIPA and the GLBA. In fact, it completely ignores recent authority from an Illinois federal court doing just that. In *Stauffer v. Innovative Heights Fairview Heights, LLC*, the Southern District of Illinois explicitly recognized that, in enacting Section 14/25(c), "the legislature may have, rationally, concluded that failing to exclude those financial institutions subjected to the GLBA's reporting standards risked federal preemption of BIPA." 480 F. Supp. 3d 888, 902 (S.D. Ill. 2020). By exempting financial institutions subject to the GLBA and its rules, such as Bradley, the Legislature

6

chose to avoid any possibility of federal preemption. In accordance with that legislative decision, Bradley is exempt from BIPA and Plaintiffs' Amended Complaint should be dismissed.

### IV. Bradley Has Demonstrated That It Is A Financial Institution Subject To The GLBA And Exempt From BIPA.

As a throw away argument at the end of their opposition brief, Plaintiffs argue that even if the Court applies Bradley's (correct) interpretation of BIPA's GLBA exemption, Bradley still has not established that it is a financial institution subject to the GLBA. *See* ECF Doc. 12 at pp. 14-15. However, there is no meaningful dispute as to whether Bradley, a major university with a significant financial aid program, is subject to the GLBA. Nonetheless, Plaintiffs claim that the multiple authorities provided in the form of the FTC's rulemaking publications and Department of Education guidance do not establish that each and every college and university is subject to the GLBA. However, these publications coupled with the existing public record establish that Bradley is subject to the GLBA.

Bradley's memorandum in support of its motion offered support from its website regarding the existence of its substantial financial aid program in addition to the fact that the U.S. Department of Education's website identifies Bradley as a participant in the Federal Student Aid program. *See* ECF Doc. 9 at p. 5, fn. 5.[2] Bradley encouraged the Court to take judicial notice of these publicly available resources as establishing that these significant financial aid activities subject Bradley to the GLBA and the FTC's rules thereunder. *Id.* The Court is vested with the power to take judicial notice of these resources. *Dennis v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (court may take

---

[2] For convenience, information from Bradley's website regarding its substantial financial aid services can be found at www.bradley.edu/offices/student/sfs. Similarly, the U.S. Department of Education Federal Student Aid's identification of Bradley as a participant in the Federal Student Aid Program can be found via a publicly-available spreadsheet found at https://fsapartners.ed.gov/knowledge-center/library/resource-type/Federal%20School%20Code%20Lists. An excerpt of that spreadsheet which features all participants located in Illinois, including Bradley, identified with school code #001641, is attached hereto at Exhibit C.

7

judicial notice of website so long as Rule 201(b) is satisfied); *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) (court may take judicial notice of defendant's website); *LaBella v. Winnetka, Inc., v. Vill. Of Winnetka*, 628 F.3d 937, 944 n. 3 (7th Cir. 2010) (same); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (court may take judicial notice of information about a bank from FDIC website). Plaintiffs' opposition memorandum does not contest that this Court can take judicial notice of either Bradley's website or the websites of governmental entities such as the Department of Education.

These resources show that Bradley is significantly engaged in administering student financial aid. This is precisely why the FTC stated the following as part of its rulemaking process for what would become 16 C.F.R. Part 313, promulgated under the authority of the GLBA:

> The [FTC] disagrees with those commenters who suggested that colleges and universities are not financial institutions. Many, if not all, such institutions appear to be significantly engaged in lending funds to consumers."

Federal Trade Commission, Privacy of Consumer Financial Information; Final Rule 65 Fed. Reg. 33,648 (May 24, 2000).

Beyond these sources, which Plaintiffs do not challenge in their opposition, additional publicly available authority this Court can take judicial notice of shows that Bradley is indisputably subject to the GLBA. In order to even participate in the Federal Student Aid Program, institutions must enter into a written agreement with the Secretary of Education that acknowledges the institution's duty to comply with the GLBA. The information provided by the Department of Education's Office of Federal Student Aid shows definitively that Bradley is in fact a participant in the Federal Student Aid Program. *See* Exhibit C. And in order to participate in that program, an institution must enter into a written Program Participation Agreement ("PPA") with the Secretary of Education. 34 C.F.R. § 668.14(a)(1).

8

The Office of Federal Student Aid publishes its annual Federal Student Aid Handbook that explains the rules and requirements for participation in the Federal Student Aid Program, and which is publicly available on the Office's website at: https://fsapartners.ed.gov/knowledge-center/fsa-handbook/pdf/2020-2021.[3]  Bradley requests that the Court take judicial notice of the Federal Student Aid Handbook.  Volume Two of the Handbook applies to School Eligibility and Operations.  Regarding the PPA, Volume Two of the Handbook describes the general terms and conditions found in PPAs.  Federal Student Aid Handbook, Vol. 2 at pp. 2-20 – 2-23 (attached hereto as Exhibit D).  Part of the general terms and conditions of the PPA require that the school comply with the GLBA.  *See id.* at p. 2-22.  Similarly, the Handbook is clear that both the PPA and the GLBA require a school to take specific measures mandated by both the GLBA and the FTC.  *See id.* at pp. 2-206 – 2-210 (attached hereto as Exhibit E).

Accordingly, to participate in the Federal Student Aid Program, Bradley was required to execute a PPA that further mandated compliance with the GLBA.  *See* Exhibit D at p. 2-22 (stating that compliance with the GLBA is a general term and condition of the PPA).  And the Office of Federal Student Aid identifies Bradley as a participant in the Program.  *See* Exhibit C.  As such, publicly available information establishes that Bradley was required to execute a PPA contractually requiring Bradley to comply with the GLBA.[4]

---

[3] Due to the immense size of the handbook, only relevant excerpts are attached hereto as exhibits.

[4] Bradley has in fact entered into a PPA with the Department of Education which expressly requires Bradley to comply with the GLBA (*See* Exhibit F at Paragraph 3(f)), which would be dispositive on this issue should this Court elect to convert Bradley's motion to dismiss to a motion for summary judgment. But doing so is unnecessary here, as the publicly available governmental information establishes that all universities in the Federal Student Aid program are subject to the GLBA, which this Court can take judicial notice of for purposes of this Rule 12(b)(6) motion. While the Court in the *Elmhurst* case denied the university-defendant's motion to dismiss and invited the defendant to file another motion with a factual showing that it was regulated by the GLBA, the defendant in that case did not provide the court with the Department of Education materials (provided here by Bradley) evidencing that institution's participation in the Federal Student Aid program and that PPAs for all Federal Student Aid program institutions expressly require GLBA compliance.

9

## CONCLUSION

For the reasons stated herein and in Bradley's memorandum in support of its motion to dismiss, this Court should dismiss Plaintiffs' Amended Complaint, with prejudice.

Dated: June 16, 2021                                                                   Respectfully submitted,

                                                                     BRADLEY UNIVERSITY

                                                                     By: /s/ *Michael D. Hayes*
                                                                        One of Its Attorneys

Michael D. Hayes
Scott J. Helfand
Anne M. Mayette
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
Phone: (312) 655-1500
michael.hayes@huschblackwell.com
scott.helfand@huschblackwell.com
anne.mayette@huschblackwell.com

10

HB: 4822-3794-2255.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2021, I caused the foregoing, **Defendant's Reply In Support Of Its Motion to Dismiss Plaintiffs' Amended Complaint**, to be served on all counsel of record as a result of the CM/ECF filing of this document.

/s/ *Michael D. Hayes*

HB: 4822-3794-2255.1